UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-63127-SINGHAL

| | |
|---|---|
| In re: American Resource Management Group, LLC (DE), et al., EIN: 35-2620379, | Case No.: 19-14605-JKO<br>CHAPTER 11<br>Jointly Administered |
| Debtors._____/ | |
| BARRY E. MUKAMAL, Chapter 11 Trustee for American Resource Management Group, LLC, | |
| Plaintiff, | Adversary Proceeding No.:<br>19-01782-JKO |
| v. | |
| SCOTTSDALE INSURANCE COMPANY, | |
| Defendant._____/ | |

## OPINION AND ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Withdraw the Reference of Adversary Proceeding ("Motion") (DE [1]). Plaintiff has filed a response in opposition (DE [1-1]). The Court has considered both filings and is otherwise fully advised in the premises. This order follows.

## BACKGROUND

This case dates back to August 2018, when Wyndham Vacation-related entities filed suit against American Resource Management Group, LLC ("ARMG") in this district for damages and injunctive relief. The suit alleged false and misleading advertising to solicit Wyndham's timeshare owners to purchase "cancellation" or "transfer" services from ARMG. This caused the timeshare owners to breach their contracts with Wyndham.

Bluegreen Vacation-related entities filed an identical suit against ARMG in December 2018.

Defendant Scottsdale Insurance Company ("Scottsdale"), issuer of several commercial general liability insurance policies to ARMG, denied coverage to ARMG for the two lawsuits based on the underlying complaints' allegations. ARMG has since filed for Chapter 11 bankruptcy and the two suits are automatically stayed pursuant to 11 U.S.C. § 362(a).

On October 18, 2019, Plaintiff Barry Mukamal ("Trustee"), as trustee of ARMG's Chapter 11 bankruptcy, filed a complaint for declaratory judgment against Scottsdale as an adversary proceeding in the bankruptcy case ("Adversary Proceeding"). Trustee seeks a declaration that Scottsdale has a duty to defend ARMG in both the Wyndham and Bluegreen lawsuits. Scottsdale now moves here to withdraw the reference of the Adversary Proceeding before the bankruptcy court and return the matter to this district.

## DISCUSSION

### I. LEGAL STANDARD

"A district court has original and exclusive jurisdiction of all cases brought under Title 11." *Gould v. Furr*, 2015 WL 846416, at *1 (S.D. Fla. Feb. 26, 2015) (citing 28 U.S.C. § 1334(a)). However, under Local Rule 87.2, all cases under Title 11 and all proceedings arising or relating to such cases are automatically referred to the bankruptcy court of this district. Parties to such cases may move the district court to withdraw the reference and relieve the bankruptcy court of jurisdiction. *See* 28 U.S.C. 157(d).

Withdrawal of a reference is either mandatory or permissive. *See id.* "[I]f the court determines that resolution of the proceeding requires consideration of both title 11 and

other laws of the United States regulating organizations or activities affecting interstate commerce," then the court *shall* withdraw the reference of the proceeding.  *Id.*  However, "when only a simple application of well-settled law is required, withdrawal is not mandatory."  *In re Camden Ordnance Mfg. Co. of Arkansas, Inc.*, 245 B.R. 794, 806 (E.D. Pa. 2000).

Where mandatory withdrawal is not required, the moving party bears the burden of demonstrating cause for the district court to grant a permissive withdrawal.  To make such a determination, the Eleventh Circuit has instructed district courts to consider: (1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum shopping and confusion; (3) promoting economical use of the parties' resources; (4) facilitating the bankruptcy process; (5) whether the claim is core or non-core; (6) efficient use of judicial resources; (7) the existence of a jury demand; and (8) prevention of delay.  *See In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000); *see also Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1381 (M.D. Ga. 2004); *Control Ctr., L.L.C. v. Lauer*, 288 B.R. 269, 274 (M.D. Fla. 2002).

Scottsdale raises two reasons to withdraw the reference to the bankruptcy court: (1) the proceeding is not a core proceeding; and (2) judicial economy demonstrates that this insurance coverage related action is better suited for the district court.  In other words, Scottsdale argues on only two of the foregoing eight factors.  The two factors under which Scottsdale argues will be addressed in turn.

**II.   CORE PROCEEDING OR NON-CORE PROCEEDING**

Proceedings referred to the bankruptcy court are designated as either "core" or "non-core."  Core proceedings are "fundamentally related" to the bankruptcy proceeding.

*See In re Neves*, 500 B.R. 651, 661 (Bankr. S.D. Fla. 2013).  Stated otherwise, core proceedings include those "arising under" Title 11 or "arising in" a case under Title 11, whereas non-core proceedings are those which are merely "related to" a case under Title 11.  *Matter of Celotex Corp.*, 152 B.R. 667, 672 (Bankr. M.D. Fla. 1993).  Core proceedings, because of their fundamental relationship to the bankruptcy proceeding, belong before the bankruptcy court.

First, Scottsdale argues this is a non-core proceeding because it is an insurance-coverage dispute.  It cites to three bankruptcy cases for support.  *See In re Dayton Title Agency, Inc.*, 264 B.R. 880 (Bankr. S.D. Ohio 2000); *In re Lawrence Grp., Inc.*, 285 B.R. 784 (N.D.N.Y. 2002); *In re Nat'l Century Fin. Enterprises*, 312 B.R. 344 (Bankr. S.D. Ohio 2004).  However, this is not an absolute rule.  For instance, in *Matter of Celotex Corp.*, 152 B.R. at 673, the bankruptcy court in the Middle District of Florida held that insurance policies of the debtor are property of the estate, and "[i]t must be presumed that any proceeding pertaining to the property of the estate is a core proceeding."  Thus, according to the *Celotex* court, a determination of debtor's rights under the insurance policy was said to be property of the estate.  *Id.*

Here, Trustee seeks just that: a declaration of Scottsdale's duty to defend under an insurance policy of the debtor.  Accordingly, this is presumptively a core proceeding.  *See also In re TOUSA*, 2010 WL 11647659, at *4 (Bankr. S.D. Fla. Dec. 6, 2010) (finding a declaration of rights to be a core matter because it "will have an enormous impact on this bankruptcy estate").

### III. JUDICIAL ECONOMY

Scottsdale's second argument in favor of withdrawing the reference to the bankruptcy court is that it would serve the interest of judicial economy to litigate the case before a district court. It argues that, because this case is an insurance-coverage case, the determination of whether Scottsdale owes a duty to defend ARMG in the Wyndham and Bluegreen Lawsuits will require a detailed examination of insurance issues. Further, according to Scottsdale, if the bankruptcy court were permitted to preside over any part of this proceeding, then the district court would likely review the bankruptcy court's proposed decision, essentially re-litigating the case. *See* 28 U.S.C. § 157(c)(1) ("In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.").

As to its first point, the Court refuses to believe the well-abled bankruptcy judges of this district are not able to examine "detailed insurance issues." In fact, the Court has all the confidence in the world that the bankruptcy judges of this district are equally qualified and able to do so. As to its second point, while the statute does, indeed, provide for appellate-type review of the bankruptcy courts' determinations in such matters, this should not be disqualifying of the bankruptcy courts' opportunity to take such cases. In fact, there is no better indication of Congress's intent for the bankruptcy courts to handle such matters than the language of the statute itself; it put the provision directly in the statute. To take this matter from the bankruptcy court solely for the reason that the district

court could later be called on in an appellate-review manner would render the entire statute superfluous.  *See Ct. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992) ("[C]ourts should disfavor interpretations of statutes that render language superfluous . . . .").

Taking all considerations into account, the interest of judicial economy is actually best served leaving this case where it currently is: in the bankruptcy court.  The bankruptcy court has gained considerable knowledge relevant to this matter by presiding over the related cases for more than a year.

## CONCLUSION

For the foregoing reasons, the Motion (DE [1]) is **DENIED**.  The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of July 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF